**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BOBBY STARLING                                                                                                PLAINTIFF
ADC #91909

V.                                           NO: 5:08CV00056 SWW/HDY

JAMES BLACKMON *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1. Why the record made before the Magistrate Judge is inadequate.
   2. Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

   3. The detail of any testimony desired to be introduced at the
      hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

An evidentiary hearing was held in this case on December 10, 2008.[1]  Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### **I. Facts**

Plaintiff appeared in person, and testified, as did Defendant James G. Blackmon, M.D. Plaintiff asserts that he has been subjected to cruel and unusual punishment because he has been denied appropriate medical care for his heart condition and syncopal episodes. According to Plaintiff, he started seeing Sadeem Mahmood, M.D., in 1997, but last saw him in February of 2008. Plaintiff contends that medications prescribed by Mahmood were delayed, he was denied some

---

[1] At the hearing, Plaintiff renewed his motion for appointment of counsel, based on his mental deficiencies, for which he was apparently found disabled by the Social Security Administration. His motion was docketed as docket entry #66. Plaintiff's oral motion was denied at the hearing. After the hearing, the undersigned concludes that Plaintiff's disability, as defined by the Social Security Administration, does not mandate appointment of counsel in this case. Furthermore, while Plaintiff may have a somewhat limited intellectual ability, he was able to articulate the facts of his case, and the claims he is attempting to pursue. Accordingly, Plaintiff's motion (docket entry #66) is DENIED.

testing Mahmood ordered, and eventually transferred to a different physician.

## II. Analysis

Blackmon is a physician at Plaintiff's prison unit. The only issue in the case is whether Blackmon's treatment of Plaintiff amounted to deliberate indifference to Plaintiff's serious medical needs. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

It is clear from the evidence presented at the hearing that Blackmon was not deliberately indifferent to Plaintiff's medical needs. According to medical records submitted by Blackmon as his exhibit #3, Plaintiff began seeing Mahmood on January 19, 2007. At that time, Plaintiff had been losing consciousness, and Blackmon suspected heart problems, and referred Plaintiff to Mahmood Between December 19, 2006, and August 27, 2007, Blackmon approved nine consultation requests for Plaintiff to be seen by Mahmood. The reasons for the consultations included testing, and follow

up visits, including an evaluation approved on December 19, 2006; an echocardiogram, PVR, and follow up, approved on January 25, 2007; a cardiolite stress test approved on January 28, 2007; a cardiac CTA, and follow up, approved on April 3, 2007; a heart catherization approved on May 22, 2007; and a post catherization visit approved on August 27, 2007.  Due, in part, to personal "difficulty" between Blackmon and Mahmood and Mahmood's delays in providing Blackmon with timely written test results, Blackmon did not approve any further visits to Mahmood.  Instead, Blackmon approved a consultation request for Plaintiff to be seen by William A. Rollefson, M.D., who is also a cardiologist.  After an evaluation, Rollefson, on April 18, 2008, recommended that Plaintiff return in a year, but recommended no further testing.  The extensive tests and evaluation approved by Blackmon do not exhibit deliberate indifference on his part.  Furthermore, it is apparent from Defendant's exhibit #2 that Plaintiff received medications for his heart conditions.  Even if some medications were delayed, or if Plaintiff missed doses, no evidence was introduced to suggest that Blackmon was the cause of the missed doses, and there is no evidence that Plaintiff has been harmed in any way by the missed doses.  Thus, there was no constitutional violation.  *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (when a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must produce medical evidence verifying detrimental effect from the delay in medical treatment).

Finally, Plaintiff has asserted that Mahmood classified him as M-4, which would have prevented him from working, and that Blackmon refused to honor those restrictions.  However, according to Defendant's exhibit #2, Blackmon classified Plaintiff as M-4, on March 5, 2008, the day after this lawsuit was filed.  Therefore, Plaintiff's medical classification is no longer an issue, and Plaintiff identified no injury that he sustained as a result of any other classification.

In summary, Plaintiff has received a significant amount of medical care for his heart condition and syncopal episodes. Although Plaintiff may disagree with Blackmon's decision to change his cardiac physician, and may believe his care is deficient, the evidence demonstrates that Blackmon has not been deliberately indifferent to his medical needs. As discussed above, a mere disagreement with care is not actionable. Furthermore, Plaintiff has demonstrated no injury resulting from the care or medications, or lack thereof, that he has received. Finally, Plaintiff's medical classification is no longer an issue, and he did not identify any injury he sustained as a result of any previous classification. Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this  15   day of December, 2008.

UNITED STATES MAGISTRATE JUDGE